Electronically FILED by Superior Court of California, County of Los Angeles on 02/28/2020 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
20STLC01975

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

1 | Sara Khosroabadi, Esq. (SBN: 299642)
2 | sara@kandhlawgroup.com
  | **Khosroabadi & Hill, APC**
3 | 2535 Kettner Blvd, Suite 2A2
4 | San Diego, CA 92115
  | Telephone: (858) 434-1020
5 | Facsimile:  (858)260-2156

6
7 | *Attorneys for the Plaintiff,*
  | Katayoon C. Murillo

8

9 | ## SUPERIOR COURT OF CALIFORNIA
10 | ## COUNTY OF LOS ANGELES

11

| | |
|---|---|
| Katayoon C. Murillo, | Case No: 20STLC01975 |
| Plaintiff, | |
| v. | **Complaint for Damages** |
| Discover Bank  and Does 1-10, | |
| Defendants. | **Jury Trial Demanded** |

**Introduction**

1. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology- for example, computerized calls dispatched to private homes- prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

2. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-103, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at*4 (N.D. Ill. Aug. 10, 2012)(citing Congressional findings on TCPA's purpose).

3. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call..." *Id.* at §§12-13. See also, *Mims*, 132 S. Ct. at 744.

4. Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices

1   undermine the public confidence that is essential to the continued functioning
2   of the banking and credit system and sound extensions of credit to consumers.
3   The Legislature has further determined that there is a need to ensure that debt
4   collectors exercise this responsibility with fairness, honesty and due regard
5   for the debtor's rights and that debt collectors must be prohibited from
6   engaging in unfair or deceptive acts or practices.

7   5.   Katayoon C. Murillo ("Plaintiff") brings this Complaint for damages,
8   injunctive relief, and any other available legal or equitable remedies, resulting
9   from the illegal actions of Discover ("Defendant"), in negligently, and/or
10   willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of
11   the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.,("TCPA"),
12   thereby invading Plaintiff's privacy in addition to attempts by Defendant to
13   unlawfully and abusively collect a debt allegedly owed by Plaintiff, which
14   caused Plaintiff damages. Plaintiff alleges as follows upon personal
15   knowledge as to herself and her own acts and experiences, and, as to all other
16   matters, upon information and belief, including investigation conducted by
17   her attorneys.

18   6.   While many violations are described below with specificity, this Complaint
19   alleges violations of the statutes cited in their entirety.

20   7.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant
21   were knowing, willful and intentional, and that Defendant did not maintain
22   procedures reasonably adapted to avoid any such violation.

23   8.   Unless otherwise indicated, the use of Defendant in this Complaint includes
24   all agents, employees, officers, members, directors, heirs, successors, assigns,
25   principals, trustees, sureties, subrogees, representatives, and insurers of
26   Defendant.

27   9.   Unless otherwise stated, all the conduct engaged in by Defendant took place
28   in California.

1.    All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

2.    Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error.

**Jurisdiction and Venue**

3.    Jurisdiction of this Court arises pursuant to general state jurisdiction.

4.    This action arises out of Defendant's violations of (i) California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §  1788, *et seq.* ("Rosenthal Act") and Defendant's violations of the Telephone Communications Protection Act 47 U.S.C. § 227, et seq.("TCPA").

5.    Because Defendant regularly does business within the State of California, personal jurisdiction is established.

6.    Venue is proper under state law.

7.    At all times relevant, Defendant conducted business within the County of Orange, in the State of California.

**Parties**

8.    Plaintiff is a natural person who resides in the City of West Hills, County of Los Angeles, State of California.

9.    Discover is headquartered in the City of New Castle, in the State of Delaware, and regularly does business in California.

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10.    Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 47 U.S.C. § 227, et seq.

11. Plaintiff is a natural person obligated or allegedly obligated to pay a debt,, and is a "consumer" as that term is defined by California Civil Code § 1788.2(h).

12. Defendant is a citizen of this state. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

13. Discover, in the ordinary course of business, regularly, on behalf of themselves, or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "Debt Collector" as that term is defined by California Civil Code § 1788.2(c).

14. Discover regularly engages in debt collection in the city of Los Angeles, California.

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### Factual Allegations

### Violations of the Rosenthal Act

16. At all times relevant to this matter, Plaintiff was an individual residing within the County of Los Angeles, State of California.

17. At all times relevant, Discover conducted business within the State of California.

18. Discover is in the consumer finance business, which includes regularly extending credit to, and collecting debts from, consumers.

19. Sometime prior to February 28, 2019, Plaintiff obtained a consumer credit card from Discover with account number ending in 1480 ("Discover Card").

20. Sometime thereafter, but prior to February 28, 2019, Katayoon C. Murillo is alleged to have incurred certain financial obligations to Discover for the Discover Card.

21. Sometime, thereafter, but before February 28, 2019, Katayoon C. Murillo allegedly fell behind on the payments allegedly owed on the alleged Discover Card debt (the "alleged debt").

22. This alleged debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

24. On February 21, 2019, attorney Sara Khosroabadi sent a letter, dated February 21, 2019 which included Mrs. Khosroabadi's name, phone number and address, on behalf of Plaintiff, Katayoon C. Murillo to Discover notifying them that Katayoon C. Murillo was represented by an attorney with respect to the alleged debt, that the debt was disputed, and to cease communication with the Plaintiff (the "February 21 Letter").

25. On information and belief, Discover received the February Letter.

26. On information and belief, Discover knew that Plaintiff was represented by an attorney with respect to the alleged debt.

27. On or about February 28, 2019, Discover contacted Plaintiff in an attempt to collect the alleged debt.

28. Through this conduct, Discover failed to cease communicating with Plaintiff with respect to the alleged debt, despite Plaintiff, through her counsel, notifying Discover in writing that Plaintiff refused to pay the alleged debt,

1    which violates Cal. Civ. Code §  1788.17, as the Rosenthal Act incorporates
2    the language found in 15 U.S.C. § 1692c.

3    29.   On or about March 1, 2019, Discover again contacted Plaintiff three times in
4          an attempt to collect the alleged debt.

5    30.   Through this conduct, Discover failed to cease communicating with Plaintiff
6          with respect to the alleged debt, despite Plaintiff, through her counsel,
7          notifying Discover in writing that Plaintiff refused to pay the alleged debt,
8          which violates Cal. Civ. Code §  1788.17, as the Rosenthal Act incorporates
9          the language found in 15 U.S.C. § 1692c.

10   31.   During this March 1, 2019 communication, Plaintiff notified Discover that
11         she was represented by an attorney.

12   32.   On or about March 8, 2019, Discover again contacted Plaintiff and left an
13         automated message in an attempt to collect the alleged debt.

14   33.   Through this conduct, Discover failed to cease communicating with Plaintiff
15         with respect to the alleged debt, despite Plaintiff, through her counsel,
16         notifying Discover in writing that Plaintiff refused to pay the alleged debt,
17         which violates Cal. Civ. Code §  1788.17, as the Rosenthal Act incorporates
18         the language found in 15 U.S.C. § 1692c.

19   34.   Sometime prior to May 28, 2019 Discover retained The Moore Law Group
20         to collect on this alleged debt.

21   35.   Discover is vicariously liable for the actions of its attorney, The Moore Law
22         Group.

23   36.   On or about May 28, 2019, The Moore Law Group sent a collection notice to
24         Plaintiff on behalf of Defendant again contacting a represented party.

25   37.   Discover violated 15 U.S.C. § 1692c by communicating with Plaintiff after
26         Discover knew that Plaintiff is represented by an attorney with respect to the
27         alleged debt, and had knowledge of, or could readily ascertain, such
28         attorney's name and address. Therefore, through this conduct, Discover

1    violated Cal. Civ. Code § 1788.17, as the Rosenthal Act incorporates the
2    language found in 15 U.S.C. §§ 1692e and 1692e(2)(a).

3    38.   Plaintiff suffered and continues to suffer mental and emotional damages as a
4          result of each and every one of the aforementioned violations.

5    39.   As a result of said unlawful collection practices, Plaintiff suffered actual
6          damages, in additional to the mental and emotional damages suffered by
7          Plaintiff.

8                **Violations of the Telephone Consumer Protection Act**

9    40.   On February 21, 2019, attorney Sara Khosroabadi sent a letter, dated
10         February 21, 2019 which included Mrs. Khosroabadi's name, phone number
11         and address, on behalf of Plaintiff, Katayoon C. Murillo to Discover
12         notifying them that Katayoon C. Murillo was represented by an attorney with
13         respect to the alleged debt, that the debt was disputed, and to cease
14         communication with the Plaintiff (the "February 21 Letter").

15   11.   At this point, Plaintiff withdrew any type of express or implied consent to
16         receive text message notification to her cellular telephone.

17   12.   In response to receiving this revocation of consent, Defendant then contacted
18         Plaintiff on Plaintiff's cellular telephone on February 28, 2019, three times on
19         March 1, 2019 and again on March 8, 2019.

20   13.   These unsolicited calls placed to Plaintiff's cellular telephone were placed via
21         an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. §
22         227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1) (A).

23   14.   The telephone number that the defendant, or its agents, called was assigned to
24         a cellular telephone service for which Plaintiff incurs a charge for incoming
25         calls pursuant to 47 U.S.C. § 227 (b)(1).

26   15.   These calls constituted contacts that were not for emergency purposes as
27         defined by 47 U.S.C. § 227 (b)(1)(A)(i).

28

16.   Plaintiff revoked any prior express consent for Defendant or its agents to contact Plaintiff using an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

17.   These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b (1).

## CAUSES OF ACTION

### Count I

**Violations of the Rosenthal Fair Debt Collection Practices Act**

**Cal. Civ. Code § 1788, et seq.**

41.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs

42.   The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

43.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every Defendant, jointly and severally.

### CAUSES OF ACTION

### COUNT II

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

18.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

19. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

20. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**COUNT III**

**KNOWING AND/OR WILLFUL OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227**

21. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Prayer For Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### Trial By Jury

44.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: February 28, 2020                                   **Khosroabadi & Hill, APC**

By: _____
Sara Khosroabadi, Esq.
Attorneys for Plaintiff